FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACOB JOHNSTON,<br><br>                  Plaintiff,<br><br>  v.<br><br>GOVERNMENT OF ALABAMA, *et al.*,<br><br>                  Defendants. | NO: 4:25-CV-05059-RLP<br><br>ORDER DISMISSING ACTION |

Plaintiff Jacob Johnston, an individual incarcerated at the Washington State Penitentiary, brings this *pro se* civil action against the Governments of each State of the United States. ECF No. 1. By separate Order the Court granted Plaintiff leave to proceed *in forma pauperis*. Defendants have not been served.

Plaintiff also filed a Motion/Request Appointed Counsel, ECF No. 4, a Motion to Produce Documents, ECF No. 5, a Motion to Amend/Correct Complaint, ECF No. 8 and a Motion to Fix Correction on Former Relief Page, ECF No. 10. Plaintiff asks to replace "page 6" of his complaint, ECF No. 1 at 4, to

ORDER DISMISSING ACTION -- 1

modify his first count. ECF No. 8 at 2. The Court notes this new "page 6" simply fills in the word "Mullote[1]" in three spaces previously left blank on the complaint form. In his request to amend the relief section, Plaintiff asks to change the damage amount from $50,000,000.00 from each State to $1,000,000,000.00. ECF No. 10-1.

Plaintiff is advised that if he wishes to change any of the information in a complaint, he must file an amended complaint which functions as a complete substitute for, and not a mere supplement, to the present complaint. However, for the reasons set forth below, the Court finds it appropriate to dismiss this action for lack of jurisdiction. Therefore, amendment would be futile.

In his first count, Plaintiff asserts a belief that the "Malltoe population of the united States are subjective to Disharmony, Discrimination, Lack of Dignitary, less Dexterity, Respect, Colonialism and Colonialists, Collegium, Patriarchy, and Patriotic Comfort. Which leads to less, Cohort's, Respect, advantage's, Social an Sexual also Romanticized Relationships, Collegium, Psych.Stability, femininilty and Masculinity Between Sex's, less Psychosexual Desire, Structure, wanting Between and amongst opposite- Malltoe Sex's. These Above Discreet list Provides

---

[1] Plaintiff repeatedly references the "Malltoe" or "Mullote" race throughout the complaint. It appears Plaintiff means "Mulatto": "a person of mixed Caucasian and Negro ancestry." Webster's Third New International Dictionary 1484 (1993).

ORDER DISMISSING ACTION -- 2

1   The - Malltoe Race to Be easly admixed with other Races, tooken Advantage of,

2   Outwited Outguessed, psyched, Criminalized Against, Murdered, Raped or Sexily

3   Abused By Races Other Then – Malltoe as well as other Discriminate [. . . .]" ECF

4   No. 1 at 4 (as written in original).

5      In addition to the monetary damages stated above, Plaintiff requests a

6   "national holiday recinizing Malltoe and other mixed raced persons for there

7   accomplishment to heighten self steam of Malltoe race." ECF No. 1 at 8 (as written

8   in original). He also wants school children to be provided "in Depth Liticher

9   Discribing Malltoe and mixed person accomplishment." *Id.* (as written in original).

10  In addition, he asks to "make Malltoe own race apart from what thay are mixed

11  with do to effects of Suppression from races not Malltoe." *Id.* (as written in

12  original).

13     Plaintiff provides no basis for this Court to exercise jurisdiction over his

14  claims. Article III of the U.S. Constitution limits the jurisdiction of the federal

15  courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "To establish

16  Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient

17  causal connection between the injury and the conduct complained of, and (3) a

18  likelihood that the injury will be redressed by a favorable decision." *Susan B.*

19  *Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014).

20     An injury-in-fact must be "concrete and particularized and actual or

ORDER DISMISSING ACTION -- 3

imminent, not conjectural or hypothetical." *Id.* at 158. A "concrete injury" is something more than a person's "concern" about an issue of public policy or "desire" to "vindicate" a law or the "rights of other[s]." *Diamond v. Charles*, 476 U.S. 54, 65–67 (1986) (cleaned up).

A federal court will not adjudicate abstract disputes or issue advisory opinions. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423–24 (2021). Plaintiff has presented no constitutional or statutory authority, and this Court has found none, which requires States to educate their populations regarding particular issues. He has failed to show that he has suffered a concrete injury.

Furthermore, the Eleventh Amendment bars lawsuits in federal court against a state, its agencies, and its state officers in their official capacity. *Porter v. Jones,* 319 F.3d 483, 491 (9th Cir. 2003). "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI.

Courts recognize three exceptions to Eleventh Amendment immunity: (1) congressional abrogation, (2) waiver by the state consenting to suit in federal court, and (3) under the *Ex parte Young* doctrine, suits seeking prospective injunctive relief against state officials for ongoing violations of federal law. *See Micomonaco v. State of Wash.*, 45 F.3d 316, 319 (9th Cir. 1995); *Seminole Tribe of Fla. v.*

1  *Florida*, 517 U.S. 44, 73 (1996). None of these exceptions apply to Plaintiff's

2  complaint. He does not identify a violation of a constitutional right.

3      Plaintiff states he has grown concerned after regularly studying history and

4  seeks the recognition of a separate race. ECF No. 1 at 7. This is not relief a federal

5  district court can grant him. In the absence of a continuing violation of federal law

6  by a person amenable to suit, the Court dismisses this action for lack of subject

7  matter jurisdiction.

8      Accordingly, **IT IS HEREBY ORDERED:**

9      1.    This action is **DISMISSED WITHOUT PREJUDICE** for lack of

10 subject matter jurisdiction.

11     2.    All pending motions are **DENIED as moot.**

12     3.    The Court certifies any appeal of this dismissal would not be taken in

13 good faith.

14     **IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order,

15 enter judgment, provide copies to Plaintiff at his last known address and **CLOSE**

16 the file.

17     **DATED** June 30, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE